# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## FIRST GRAND DIVISION.

JUNE TERM, 1868.

### JAMES M. PACE *et al.*

*v.*

### THE PEOPLE OF THE STATE OF ILLINOIS, *for use, etc.*

1. SCHOOL FUND—*of its distribution among townships—forfeiture.* Trustees of school townships, who fail to make the biennial report required by the 36th section of the law of 1857, will, under the operation of the 13th section of the law of 1865, cause their township to forfeit its portion of the public fund for the next ensuing year.

2. TOWNSHIP TREASURER—*must give bond.* Under the act of 1865, amendatory of the school law, no portion of the school fund shall be paid to the township treasurer until he files his bond; and a school commissioner may properly refuse to pay money to such treasurer, where that is omitted to be done.

41—47TH ILL.

WRIT OF ERROR to the Circuit Court of Jefferson county; the Hon. JAMES M. POLLOCK, Judge, presiding.

The facts are sufficiently stated in the opinion of the court.

Messrs. GREEN & GILBERT, for the plaintiffs in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of debt, on the official bond of Pace, as school commissioner of Jefferson county, the breach alleged being, that he had refused to pay to the treasurer of a certain township the funds belonging to the school trustees of said township. The defendant pleaded two special pleas, in the first of which he averred that the trustees had failed to forward to the school commissioner a statement exhibiting the condition of schools in the township for the preceding biennial period; and, in the second, averred that the township treasurer had not filed a good and sufficient bond, as required by law. The circuit court held the pleas bad on demurrer, and gave judgment for the plaintiffs.

No argument has been furnished us in this case on behalf of the defendant in error, and we are not able to see how the judgment of the circuit court can be sustained. The 36th section of the school law of 1857, requires the statement or report mentioned in the first special plea, to be made, and points out specifically what it shall contain; and the 13th section of the act of 1865, amending the school laws, provides, that any township failing to make such report, shall forfeit its portion of the public funds for the next ensuing year. The 4th section of the last named act (Laws of 1865, p. 113) also provides that no portion of the school fund shall be paid the township treasurer, unless he has filed his bond. These pleas were drawn under these two sections, and we see no ground for sustaining the demurrer.

*Judgment reversed.*